UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AUTOSCRIBE CORPORATION, and<br>POLLIN PATENT LICENSING, LLC<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and<br>WELLS FARGO FINANCIAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:10CV097<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS
<u>WELLS FARGO BANK, N.A. AND WELLS FARGO FINANCIAL, INC.</u>**

Defendants Wells Fargo Bank, N.A. and Wells Fargo Financial, Inc. (collectively "Wells Fargo"), pursuant to Federal Rules of Civil Procedure 7, 8, 12, and 13, file their Answer and Affirmative Defenses, as follows, and Wells Fargo files its Counterclaim to the Complaint of Plaintiffs Autoscribe Corporation and Pollin Patent Licensing, LLC (collectively "Autoscribe") as follows:

**<u>ANSWER</u>**

**<u>The Parties</u>**

1.  Wells Fargo is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 1 of Autoscribe's Complaint and therefore denies same.

2. Upon information and belief, Wells Fargo denies that Autoscribe "maintains and operates a financial data center in Ashburn Virginia (the 'Ashburn Data Center')." As to the remaining allegations in Paragraph 2 of Autoscribe's Complaint, Wells Fargo is without knowledge or information sufficient to enable it to admit or deny those allegations and therefore denies same.

3. Wells Fargo is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 3 of Autoscribe's Complaint and therefore denies same.

4. Wells Fargo Bank admits that it is a national banking association associated under the laws of the United States and, among numerous other business addresses, maintains a place of business at 333 Market Street, San Francisco, CA 94105. Wells Fargo further admits that Corporation Service Company is located at 2730 Gateway Oaks Drive, Sacramento, CA, and serves as its registered agent in the state.

5. Wells Fargo Financial admits that it is a corporation organized and existing under the laws of the State of Iowa and has a business address at 800 Walnut Street, Des Moines, IA 50309. Wells Fargo Financial further admits that Corporation Service Company is located at 505 5th Avenue, Des Moines, IA and serves as its registered agent in the state.

### **Jurisdiction and Venue**

6. Wells Fargo admits that Autoscribe has filed an action for patent infringement.

7. Wells Fargo admits that Plaintiffs purport that this Court has jurisdiction over the subject matter of this case.

8. Wells Fargo Bank, N.A. admits that it is subject to personal jurisdiction in the Commonwealth of Virginia. Wells Fargo Bank, N.A. denies that it has "committed acts

of infringement in this judicial district" or anywhere else.  Wells Fargo Bank, N.A. denies any remaining allegations in Paragraph 8 of Autoscribe's Complaint.

9. Wells Fargo Financial, Inc. admits that it is subject to personal jurisdiction in the Commonwealth of Virginia.  Wells Fargo Financial, Inc. denies that it has "committed acts of infringement in this judicial district" or anywhere else.  Wells Fargo Financial, Inc. denies any remaining allegations in Paragraph 9 of Autoscribe's Complaint.

10. Wells Fargo avers that jurisdictions other than this District are actually a more convenient forum and, therefore, denies that venue is proper in this District.

## COUNT I

## Infringement of the '315 Patent

11. Wells Fargo incorporates herein by reference its responses to Paragraphs 1-10 above as if fully restated in this paragraph.

12. Wells Fargo admits that a copy of U.S. Patent No. 6,041,315 ("the '315 patent") was attached as Exhibit A to Autoscribe's Complaint.  Wells Fargo further admits that this patent is titled "Automated Payment System and Method," that it has an issue date of March 21, 2000, and that it lists Robert E. Pollin as inventor.  Wells Fargo denies any remaining allegations in paragraph 12 of Autoscribe's Complaint.

13. Wells Fargo is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 13 of Autoscribe's Complaint and therefore denies same.

14. Wells Fargo is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 14 of Autoscribe's Complaint and therefore denies same.

15. Wells Fargo denies the allegations contained in Paragraph 15 of Autoscribe's Complaint.

16. Wells Fargo denies the allegations contained in Paragraph 16 of Autoscribe's Complaint.

17. Wells Fargo denies the allegations contained in Paragraph 17 of Autoscribe's Complaint.

18. Wells Fargo denies the allegations contained in Paragraph 18 of Autoscribe's Complaint.

19. Wells Fargo denies the allegations contained in Paragraph 19 of Autoscribe's Complaint.

20. Wells Fargo denies the allegations contained in Paragraph 20 of Autoscribe's Complaint.

21. Wells Fargo denies the allegations contained in Paragraph 21 of Autoscribe's Complaint.

**COUNT II**

**Infringement of the '171 Patent**

22. Wells Fargo incorporates herein by reference its responses to Paragraphs 1-21 above as if fully restated in this paragraph.

23. Wells Fargo admits that a copy of U.S. Patent No. 7,117,171 ("the '171 patent") was attached as Exhibit B to Autoscribe's Complaint. Wells Fargo further admits that this patent is titled "System and Method for Making a Payment from a Financial Account," that it has an issue date of October 3, 2006, that it lists Robert E. Pollin as inventor, and that it purports to claim priority to the '315 patent as a divisional. Wells Fargo denies that the '171 patent is entitled to any claim of priority to any other patent or application and otherwise denies any remaining allegations in paragraph 23 of Autoscribe's Complaint.

24. Wells Fargo is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 24 of Autoscribe's Complaint and therefore denies same.

25. Wells Fargo is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 25 of Autoscribe's Complaint and therefore denies same.

26. Wells Fargo denies the allegations contained in Paragraph 26 of Autoscribe's Complaint.

27. Wells Fargo denies the allegations contained in Paragraph 27 of Autoscribe's Complaint.

28. Wells Fargo denies the allegations contained in Paragraph 28 of Autoscribe's Complaint.

29. Wells Fargo denies the allegations contained in Paragraph 29 of Autoscribe's Complaint.

30. Wells Fargo denies the allegations contained in Paragraph 30 of Autoscribe's Complaint.

31. Wells Fargo denies the allegations contained in Paragraph 31 of Autoscribe's Complaint.

32. Wells Fargo denies the allegations contained in Paragraph 32 of Autoscribe's Complaint.

33. Wells Fargo denies any express or implied allegations of AutoScribe's Complaint not otherwise responded to in this Answer.

34. Wells Fargo denies that AutoScribe is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Wells Fargo alleges and asserts the following defenses in response to the allegations by Autoscribe, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

FIRST AFFIRMATIVE DEFENSE

35. Autoscribe has failed to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

36. Wells Fargo has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '315 patent.

## THIRD AFFIRMATIVE DEFENSE

37. Wells Fargo has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '171 patent.

## FOURTH AFFIRMATIVE DEFENSE

38. Some or all of the claims of the '315 patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 101, 102, 103, and 112 of Title 35.

## FIFTH AFFIRMATIVE DEFENSE

39. Some or all of the claims of the '171 patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 101, 102, 103, and 112 of Title 35.

## SIXTH AFFIRMATIVE DEFENSE

40. Some or all of Autoscribe's claims are barred by the equitable doctrines of waiver, acquiescence, laches, or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

41. Autoscribe is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '315 patent from asserting infringement by Wells Fargo.

## EIGHTH AFFIRMATIVE DEFENSE

42. Autoscribe is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '171 patent from asserting infringement by Wells Fargo.

US2008 1214263.1

NINTH AFFIRMATIVE DEFENSE

43. Autoscribe's claims for relief are barred, in whole or in part, by operation of one or more licenses, express and/or implied, to practice one or more of the claims of the '315 and '171 patents.

TENTH AFFIRMATIVE DEFENSE

44. Autoscribe's claims for relief are barred by under the doctrine of patent exhaustion.

ELEVENTH AFFIRMATIVE DEFENSE

45. Venue is not proper in this District because there is a more convenient and appropriate forum.

**COUNTERCLAIM**

Counterclaim Plaintiffs Wells Fargo Bank, N.A. and Wells Fargo Financial, Inc. (collectively "Wells Fargo") assert the following Counterclaim against Plaintiffs and Counterclaim Defendants Autoscribe Corporation and Pollin Patent Licensing, LLC (collectively "Autoscribe").

1. Wells Fargo seeks a declaration by this Court that U.S. Patent Nos. 6,041,315 ("the '315 patent") and 7,117,171 ("the '171 patent") have not been infringed by Wells Fargo.

2. Wells Fargo seeks a declaration by this Court the '315 patent and the '171 patent are invalid.

**JURISDICTION AND VENUE**

3. Subject to Wells Fargo's affirmative defenses and denials above, Wells Fargo alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. § 1331, 1338(a), 2201 and 2202, and that venue for Wells Fargo's Counterclaims may be proper in this district, but would actually be more convenient in

other jurisdictions, and Wells Fargo does not waive and reserves all rights to move for dismissal and/or transfer for improper venue of the underlying action irrespective of the allegations in this paragraph.

## PARTIES

4. Wells Fargo Bank, N.A. is a national banking association organized under the laws of the United States and, among numerous other business addresses, maintains a place of business at 333 Market Street, 16th Floor, San Francisco, CA  94105.  Wells Fargo Financial, Inc. is an Iowa corporation with a place of business at 800 Walnut Street, Des Moines, IA  50309.

5. Upon information and belief, Autoscribe Corporation is a Maryland company with a principal place of business at 9801 Washington Boulevard, Suite 200, Gaithersburg, Maryland 20878 and Pollin Patent Licensing, LLC is a Florida limited liability company with a business address of 9801 Washington Boulevard, Suite 200, Gaithersburg, Maryland 20878. Autoscribe has availed itself of this forum and is therefore subject to personal jurisdiction

## COUNT I
(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

6. Wells Fargo incorporates the allegations contained in Paragraphs 1-5 above, as though fully set forth herein.

7. Autoscribe has alleged in this action that Wells Fargo has infringed, contributed to the infringement of, or induced others to infringe the '315 patent.  Wells Fargo denies that it has infringed, contributed to the infringement, or induced others to infringe the '315 patent.

8. There accordingly is an actual, immediate, and justiciable controversy between the parties.

9. Wells Fargo is entitled to a declaration by this Court that Wells Fargo has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '315 patent.

10. Wells Fargo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

11. Wells Fargo incorporates the allegations contained in Paragraphs 1-10 above, as though fully set forth herein.

12. Autoscribe has alleged in this action that Wells Fargo has infringed, contributed to the infringement of, or induced others to infringe the '171 patent. Wells Fargo denies that it has infringed, contributed to the infringement, or induced others to infringe the '171 patent.

13. There accordingly is an actual, immediate, and justiciable controversy between the parties.

14. Wells Fargo is entitled to a declaration by this Court that Wells Fargo has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '171 patent.

15. Wells Fargo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

16. Wells Fargo incorporates the allegations contained in Paragraphs 1-15 above, as though fully set forth herein.

17. Autoscribe has alleged in this action that Wells Fargo has infringed, contributed to the infringement of, or induced others to infringe the '315 patent. However, some or all of the claims of the '315 patent are invalid.

18. There accordingly is an actual, immediate, and justiciable controversy between the parties.

19. Wells Fargo is entitled to a declaration by the Court rendering some or all of the claims of the '315 patent invalid.

20. Wells Fargo is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IV
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

21. Autoscribe has alleged in this action that Wells Fargo has infringed, contributed to the infringement of, or induced others to infringe the '171 patent. However, some or all of the claims of the '171 patent are invalid.

22. There accordingly is an actual, immediate, and justiciable controversy between the parties.

23. Wells Fargo is entitled to a declaration by the Court rendering some or all of the claims of the '171 patent invalid.

24. Wells Fargo is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

Wherefore, Wells Fargo respectfully prays that the Court enter judgment:

1. Adjudging that Wells Fargo has not infringed and is not infringing the '315 patent;

2. Adjudging that Wells Fargo has not infringed and is not infringing the '171 patent;

3. Adjudging that the '315 patent is invalid;

4. Adjudging that the '171 patent is invalid;

5. Declaring that Wells Fargo has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '315 patent, as requested by Count I of the Counterclaim;

6. Declaring that Wells Fargo has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '171 patent, as requested by Count II of the Counterclaim;

7. Declaring some or all of the claims of the '315 patent invalid, as requested by Count III of the Counterclaim;

8. Declaring some or all of the claims of the '171 patent invalid, as requested by Count IV of the Counterclaim;

**Wells Fargo demands a trial by jury.**

Respectfully submitted on this 5th day of April, 2010

    /s/ Stephen E. Baskin
Stephen E. Baskin (VA Bar # 47567)
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone: (202) 508-5899
Facsimile: (202) 585-0044
sbaskin@kilpatrickstockton.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2010, I electronically filed the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO FINANCIAL, INC. with the Clerk of the Court using the CM/ECF system.

I hereby further certify that the foregoing has been transmitted to counsel for Plaintiffs in this action via electronic mail at the following addresses:

Jeffrey Sanok:  jsanok@crowell.com

Michael H. Jacobs: mjacobs@crowell.com

Clyde Findley: cfindley@crowell.com

      /s/ Stephen E. Baskin          
Stephen E. Baskin (VA Bar # 47567)
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC  20005-2018
Telephone: (202) 508-5899
Facsimile:  (202) 585-0044
sbaskin@kilpatrickstockton.com

*Attorney for Defendants*